UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRYTIERE CHANEL WILKINS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT  1:17-cv-01731 |
| MED-1 SOLUTIONS, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW comes KRYTIERE CHANEL WILKINS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MED-1 SOLUTIONS, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 25 year old natural person residing at 8843 Elmonte Drive, Indianapolis, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant "manages bad debt collection needs"[1] with its headquarters located at 517 US Highway 31 North, Greenwood, Indiana. Defendant is in the business of collecting consumer debts for others, including debts allegedly owed by Plaintiff. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 2004.[2]

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Around the summer of 2016, Plaintiff had a medical issue and upon receiving treatment incurred medical debt ("subject debt"). *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. Shortly thereafter, Plaintiff experienced financial hardship and fell behind on payments owed on the subject debt. *Id.*

---

[1] http://revonecompanies.com/services/bad-debt-and-legal-collections/
[2] http://www.acainternational.org/memberdirectory.aspx

11. In approximately February 2017, Plaintiff began receiving phone calls from Defendant to her cellular phone, (317) XXX-7737. *Id.*

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7737. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant uses a variety of phone numbers to contact Plaintiff's cellular phone, including but not limited to: (877) 286-7421 and (888) 323-0811. *Id.*

14. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant to contact consumers during its debt collection activity.

15. Upon answering calls from Defendant, Plaintiff experiences a noticeable pause, lasting approximately three to five seconds in length, before a live representative begins to speak. *Id.*

16. Upon speaking with Defendant, it informs Plaintiff that it is acting as a debt collector and is attempting to collect upon outstanding medical debt. *Id.*

17. When Defendant first started calling Plaintiff, she notified it that she was unable to make payment and demanded that it stop contacting her. *Id.*

18. Plaintiff has repeatedly told Defendant to remove her from its calling list and to stop calling her cellular phone. *Id.*

19. Despite her multiple demands, Defendant has continued to regularly call Plaintiff's cellular phone up until the date of the filing of this complaint. *Id.*

20. Due to the fact that Defendant would not stop calling her, Plaintiff even contacted its corporate office and once again asked to be removed from its calling list. *Id.*

21. Since Defendant first began contacting Plaintiff, it has consistently called her cellular phone approximately three to four times per week. *Id.*

22. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

23. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $59.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss. *Id.*

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.    **Violations of the FDCPA §1692c(a)(1) and §1692d**

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to

ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §1692c(a)(1), d and d(5) when it continuously called Plaintiff after being notified to stop. This repeated behavior of calling Plaintiff's phone three to four times per week even after she demanded that it cease contacting her was harassing and abusive. Plaintiff explicitly demanded not to be contacted further. The volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

32. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

    **b.  Violations of the FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

35. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Despite being told to cease contacting her and to remove her from its call list, Defendant continued to relentlessly contact Plaintiff via automated calls. Instead of stopping this behavior, Defendant continued to systematically place at least three to four calls per week to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via automated calls when it did not have consent to do so.

### c. Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. Plaintiff even took the time to contact Defendant's corporate office and asked to be removed from its calling list. Despite all her efforts, Defendant continued its unfair conduct of placing calls to Plaintiff's cellular phone. These means employed by Defendant only served to worry and confuse Plaintiff.

37. As pled in paragraphs 21 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KRYTIERE CHANEL WILKINS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

38. Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

40. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause lasting approximately three to five seconds that Plaintiff experienced during answered calls from Defendant before being connected to a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

41. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to the original party of interest, which Defendant will likely assert transfers down to it, was explicitly revoked by Plaintiff's numerous demands that Defendant cease calling her cellular phone.

42. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

43. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KRYTIERE CHANEL WILLKINS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

44. Plaintiff repeats and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

46. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

47. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

48. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

49. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

50. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with

Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff to stop contacting her but refused to do so. Any consent Plaintiff may have given to the original party of interest was explicitly revoked by her demands that Defendant cease contacting her. However, Defendant purposefully ignored Plaintiff's prompts in an abusive attempt to collect payment from her.

51. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Once Plaintiff demanded that it stop calling her, Defendant was obligated under the TCPA to cease its contacts. In defiance of the law, however, Defendant continued its deceptive conduct and has continuously contacted Plaintiff using various phone numbers. Defendant uses different phone numbers when placing calls to Plaintiff's cellular phone in order to trick her into answering its phone calls and ultimately coerce her into making payment. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

52. In violating the TCPA, Defendant also violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19). "In other words, an IDCSA claim may be based on one or more of the acts or representations on the list. A claim may be based only on an enumerated act, and not a representations at all." *Anderson v. O'Leary Paint Co.*, 2011 U.S. Dist. LEXIS 110837 at 17.

53. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

54. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

55. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. Plaintiff even called Defendant's corporate office to request that the calls stop. The fact that Defendant was provided with notices to stop calling and refused to abide by said notices, evidenced by calling Plaintiff at least three to four times per week after she told it to stop, shows that its behavior is incurable and that it has no intention of curbing its behavior.

56. Defendant conducts the above described behavior on a wide and frequent basis. This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

57. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 21 through 25, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices, including spending money on the purchase of a blocking application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, KRYTIERE CHANEL WILKINS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

   c.  Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

   d.  Enjoining Defendant to cease contacting Plaintiff; and

   e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 24, 2017                                                         Respectfully submitted,

| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
|---|---|
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Southern District of Indiana | Admitted in the Southern District of Indiana |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 900 Jorie Boulevard, Suite 150 | 900 Jorie Boulevard, Suite 150 |
| Oak Brook, Illinois 60523 | Oak Brook, Illinois 60523 |
| (630) 575-8181 x113 (phone) | (630) 575-8181 x110 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |