UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRYTIERE CHANEL WILKINS,<br><br>  Plaintiff,<br><br>v.<br><br>MED-1 SOLUTIONS, LLC,<br><br>  Defendant. | No. 1:17-cv-01731-WTL-MPB |

**PLAINTIFF'S STATEMENT OF CLAIMS FOR TRIAL
AGAINST DEFENDANT MED-1 SOLUTIONS, LLC**

Plaintiff Krytiere Chanel Wilkins ("Plaintiff"), pursuant to Rule 11(b) of the Federal Rules of Civil Procedure and Section II.D of the parties' Case Management Plan [Dkt. # 18], submits the following statement of claims it intends to prove at trial, and the legal theories on which those claims are based.

Plaintiff will present evidence that Defendant Med-1 Solutions, LLC ("Defendant"), within one year preceding the filing of the instant action, placed a series debt collection phone calls to Plaintiff's cellular phone in an attempt to collect upon several debts ("subject debts") stemming from medical bills Plaintiff incurred with Community Health Network ("CHN"). Defendant began collecting on these debts after Plaintiff defaulted on her purported obligations to CHN. The offending phone calls were placed to Plaintiff's cellular phone, which is associated with the number (317) XXX-7737.

Plaintiff will further present evidence that the subject debts encompassed three separate CHN accounts which were placed with Defendant for collection. Plaintiff did not provide her

1

cellular phone number ending in 7737 to CHN in connection with two out of these three accounts. Instead, Plaintiff provided the number she had before she switched to the number ending in 7737 – (317) 992-4629 – to CHN on these two accounts.

After Plaintiff defaulted on her obligations to CHN, Med-1 began collecting on the subject debts. Plaintiff will present evidence that Defendant placed or caused to be placed a series of phone calls in an attempt to speak with Plaintiff. Defendant's initial phone calls were directed to her phone number ending in 4629. After months of placing calls to the 4629 number, Defendant became aware that such number no longer belonged to Plaintiff.

Plaintiff will further present evidence that, upon realizing the 4629 phone number no longer belonged to Plaintiff, Defendant engaged in a process known as "skiptracing" – which involved Defendant utilizing a service which scrapes all information available on the internet to determine Plaintiff's contact information. Plaintiff will demonstrate that after Defendant ran a skiptrace on Plaintiff, it began placing phone calls to Plaintiff's cellular phone number ending in 7737. Plaintiff will further show that Defendant placed or caused to be placed phone calls or other pre-recorded messages to the 7737 phone number in reference to accounts for which Plaintiff did not provide the 7737 phone number to CHN. Defendant's communications to Plaintiff were placed with a system that utilized prerecorded messages and were made through the use of an automatic telephone dialing system ("ATDS").

Based on these claims, Plaintiff intends to prove at trial that Defendant violated:

1. The Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.* Specifically, Defendant violated §§ 1692e-f of the FDCPA. Defendant meets the statutory definition of "debt collector" as defined by 15 U.S.C. § 1692a(6), so it is subject to the provisions of the FDCPA. The complained of conduct occurred within the year preceding the filing of the

instant action, bringing Plaintiff's claims within the applicable statute of limitations. Pursuant to § 1692e, a debt collector is prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e(10) further prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Defendant violated these provisions of the FDCPA through its skiptracing of Plaintiff's cellular phone number as well as through the manner in which it communicated with Plaintiff after it ran a skiptrace on Plaintiff and absent consent for such communications.

2. The Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 *et seq.* The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), prohibits any person from placing "any call" using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service for a non-emergency purpose and without the prior express consent of the called party. Defendant's phone calls were placed using an automatic telephone dialing system as well as a prerecorded voice. Defendant's phone calls to Plaintiff were made to a number assigned to a cellular telephone service. The phone calls Defendant placed were for collection activity and not for an emergency purpose. Defendant bears the burden of establishing that it had Plaintiff's consent to receive the phone calls – a burden which it will be unable to meet in light of the nature of the subject debt(s) and Defendant's skiptracing of Plaintiff's cellular phone number.

3. The Indiana Deceptive Consumer Sales Act ("IDCSA") pursuant to I.C. § 24-5-0.5 *et seq.* The IDCSA applies to "supplier[s]," which Defendant is considered given its status as a debt collector for purposes of the FDCPA. The IDCSA prohibits a supplier from committing unfair, abusive, or deceptive acts, omissions, or practices in connection with a consumer transaction. The

instant transactions are considered consumer transactions under I.C. § 24-5-05-(a)(1)(C). In addition to these general provisions, it is a *per se* deceptive act under the IDCSA for a defendant to violate the TCPA. *See,* I.C. § 24-5-0.5-3(b)(19). Defendant violated the IDCSA through its harassing, abusive, and deceptive acts and practices as they relate to Plaintiff, included its clear violations of the TCPA. Defendant's conduct was part of an incurable deceptive act, as its conduct and the nature of its collection efforts demonstrate an artifice with the intent to mislead Plaintiff.

The above legal theories serve as the basis upon which Plaintiff's claims against Defendant rest. The trial before a jury will establish whether Defendant is liable for violating the foregoing provisions

Dated: July 11, 2018                                             Respectfully submitted,

                                                  s/Eric D. Coleman
Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on July 11, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Indiana by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                               */s/ Eric D. Coleman*
                                               Eric D. Coleman